NOT FOR PUBLICATION                    [Docket Nos. 58, 59, 60]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JANE E. BENTLEY,

               Plaintiff,

      v.

ATLANTIC COUNTY, NEW JERSEY,
et al.,

               Defendants.

Civil No. 05-2942 (RMB)

**OPINION**

Appearances:

      Robyn Michelle Aghen
      Dessen Moses & Rossitto
      1415 Route 70 East
      Suite 614
      Cherry Hill, NJ 08034
          Attorney for Plaintiff Jane E. Bentley.

      Timothy M. Crammer
      David J. Bishop
      Crammer, Bishop, Marczyk & O'Brien, PC
      508 New Jersey Ave
      Suite B3
      Absecon, NJ 08201
          Attorneys for Defendants Atlantic County, James
          McGettigan, and Joseph C. Connelly.

**BUMB,** United States District Judge:

    This matter comes before the Court upon three motions filed

by Defendants:  a motion for summary judgment as to Count I of

the Complaint, a motion for leave to file a late motion for

summary judgment as to Counts II and V of the Complaint, and a

late motion for summary judgment as to Counts II and V of the
Complaint.  For the reasons stated below, Defendants' motion as
to Count I is denied, Defendants' motion for leave to file out of
time is granted, and Defendants' motion as to Counts II and V is
granted.

**I.   PROCEDURAL BACKGROUND**[1]

Defendants' initial motion for summary judgment, filed on
January 26, 2007, sought summary judgment as to Counts I, III,
and IV of the Complaint, but failed to address Counts II and V.
[Dkt. No. 35].  On August 16, 2007, the Court granted Defendants'
motion for summary judgment as to Counts I, III and IV.  [Dkt.
No. 53].  However, on January 4, 2008, the Court granted
Plaintiff's request for reconsideration as to Count I.  [Dkt. No.
56].  Thus, at this point, only Counts I, II, and V remain.

During the oral argument on January 4, 2008, the Court
instructed Defendants to submit a new motion for summary judgment
as to Count I, and Defendants now so move.  Defendants have also
moved for leave to file a late motion for partial summary
judgment as to Counts II and V, which were not addressed in their
initial motion for summary judgment, and for summary judgment on
those counts.

---

[1] The Court assumes the parties' familiarity of the facts and
therefore will not recite them again.

## I.   STANDARD OF REVIEW

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.  "In making this determination, a court must make all reasonable inferences in favor of the non-movant." Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D.N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983)). "At the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.


## II.  DISCUSSION

### A.  Count I - Procedural Due Process

During the January 4, 2008 oral argument on Plaintiff's motion for reconsideration, the Court sought to clarify

3

Plaintiff's argument as to Count I.  After Plaintiff explained the basis for that claim, the Court permitted Defendants to submit a renewed motion for summary judgment as to Count I and the Defendants have now done so.[2]

As clarified at oral argument, Plaintiff claims that her due process rights were violated because she was not provided a prompt post-deprivation hearing concerning her November 5, 2003 suspension, as required by § 4A:2-2.5 of the New Jersey Administrative Code ("§ 2-2.5").  § 2-2.5 provides, in relevant part,

> (a)  An employee must be served with a Preliminary Notice of Disciplinary Action setting forth the charges and statement of facts supporting the charges (specifications), and afforded the opportunity for a hearing prior to imposition of major discipline, except:
>
> 1.  An employee may be suspended immediately and prior to a hearing where it is determined that the employee is unfit for duty or is a hazard to any person if permitted to remain on the job...  However, a Preliminary Notice of Disciplinary Action with opportunity for a hearing must be served ... within five days following the immediate suspension.

N.J.A.C. § 4A:2-2.5 (emphasis added).  Plaintiff claims that Defendants' failure to issue her a Preliminary Notice of Disciplinary Action (PNDA) setting forth the charges and providing an opportunity for a hearing violated her due process rights.

_____

[2] The Court will consider Defendants' motion as to Count I despite the fact that it was filed two days late.

4

Defendants argue that § 2-2.5 did not apply to Plaintiff's case because the suspension was not disciplinary in nature.  They further argue that even if § 2-2.5 applied, Defendants' non-compliance with that section is irrelevant because Plaintiff always had the general right to appeal the appropriateness of her suspension to the Merit System Board pursuant to § 4A:2-1.1 ("§ 2-1.1").

### 1.  Disciplinary Nature of Plaintiff's Suspension

Defendants first argue that § 2-2.5 did not apply because Plaintiff's suspension was not disciplinary.  (Def. Motion at 5, 7, 9).  They argue that the Sheriff "opted not to file disciplinary charges against the plaintiff so she could use accumulated leave time to get the recommended treatment."  (<u>Id.</u> at 7).  Moreover, Defendants argue, the Merit System Board (the "Board") conducted its own review of the situation and concluded that the suspension "did not constitute disciplinary action." (Administrative Appeal, Def. Motion Ex. I at 7).[3]

However, the Board's conclusion that the suspension was not disciplinary in nature was based on its own factual finding that Defendants had "legitimate concerns regarding a public safety

---

[3] The Court notes that the decision of the New Jersey Public Employment Relations Commission (PERC) that the suspension could not be arbitrated if it was deemed to be "major discipline" addresses only the arbitrability of Plaintiff's grievance and provides no assistance concerning whether the suspension constituted disciplinary action.

employee's psychological fitness for duty." (<u>Id.</u>).  This Court
need not adopt the Board's factual findings or conclusions,
particularly where they are disputed by Plaintiff.  Indeed, where
material issues of fact persist, summary judgment is not proper.


### 2.  Notification of Available Remedies

Defendants also argue that even if § 2-2.5 applied,
Defendants' failure to comply with that section did not deprive
Plaintiff of her due process rights because § 2-1.1 provided
Plaintiff a general right to appeal the suspension.  However,
there is no evidence that Plaintiff was ever informed of this
procedural avenue or any other means of challenging the
suspension.

The Supreme Court has held that notice "does not comport
with constitutional requirements when it does not advise the
[individual] of the availability of a procedure for protesting
[the action]." <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436
U.S. 1, 13 (1978)); <u>see also</u> <u>Atkins v. Parker</u>, 472 U.S. 115, 152
(1985) (J. Brennan, dissent) ("[a]dequate notice under the Due
Process Clause has two components.  It must inform affected
parties of the action about to be taken against them as well as
of <u>procedures available for challenging that action</u>") (emphasis
added); <u>Mackey v. Montrym</u>, 443 U.S. 1, 27 (1979) (J. Stewart,
dissent) ("without notice, the remedy, even if it exists, is
hardly a meaningful safeguard" to due process); <u>Mullane v.</u>

<u>Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950) ("[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections")).

Thus, even if the suspension was not disciplinary (meaning Defendants did not have to comply with § 2-2.5), Defendants had an obligation to notify Plaintiff of the appeal procedure available to her under § 2-1.1.[4]  There is no evidence showing that Defendants met this obligation.  Indeed, it appears that this lack of information is what led Plaintiff to challenge the suspension through the grievance procedure, which turned out to be the wrong avenue.  By the time Plaintiff found her way to the Board, over one year had passed.  Even the Board recognized "the apparent confusion regarding the nature of the employment action" and agreed to relax the rule deadlines and hear Plaintiff's untimely appeal.[5]

---

[4] This Court cannot support an interpretation of the New Jersey Administrative Code that permits the Sheriff to unilaterally characterize a suspension as not disciplinary and thereby avoid the due process obligation of informing an employee of the procedures available to challenge that suspension.

[5] It seems that § 2-2.5 is intended to avoid the very type of confusion and delay caused here by explicitly requiring the Sheriff to notify the employee of the procedural mechanism for challenging a disciplinary action.  Had Defendants issued Plaintiff a PNDA in accordance with § 2-2.5, Plaintiff would be hard pressed to demonstrate a due process violation.

If Defendants failed to apprise Plaintiff of the procedural
options to challenge the suspension, such failure may have led to
Plaintiff's confusion and ultimately delayed her post-deprivation
hearing, which could be deemed a violation of due process.  Thus,
the issue of whether Defendants provided Plaintiff with
sufficient notice of the appeal procedure is a factual one that
precludes summary judgment at this time.  Accordingly,
Defendants' motion for summary judgment as to Count I must be
denied.


**B.  Counts II and V - § 1981 and New Jersey Civil Rights Act**

**1.  Motion for Leave to File Out of Time**

Pursuant to the Amended Scheduling Order issued by
Magistrate Judge Donio on October 13, 2006, dispositive motions
in this matter were to be filed no later than January 31, 2007.
Defendants now move for leave to file a late motion for partial
summary judgment as to Counts II and V, which were not addressed
in their initial timely-filed summary judgment motion.

In his Certification in support of this motion, current
counsel for Defendants asserts that the requested leave should be
granted because the failure to address Counts II and V was an
inadvertent "technical failure."  (Crammer Cert. at ¶¶ 11-12).
He submits that counsel at the time believed that "the arguments
on the plaintiff's other claims of race and gender discrimination
were dispositive of the 42 U.S.C.A. 1981 and New Jersey Civil

8

Rights Act claims." (Id. at ¶ 11).  Having confirmed that the remaining Counts II and V present no new legal issues, counsel now argues that the Court's ruling on Counts III and IV (granting summary judgment) is legally dispositive of Counts II and V. Accordingly, counsel contends, by allowing Defendants leave to file this late motion for summary judgment, the Court will avoid a useless trial as to these claims, which would result in an inevitable motion for a directed verdict.  Finally, Defense counsel submits that Plaintiff will not suffer any prejudice due to delay if the Court grants its motion, as Defendants have already been permitted to file a renewed motion for summary judgment as to Count I.

In her opposition, Plaintiff argues that even though Defendants may be correct that a motion for a directed verdict would be inevitable, "the Court's decision on such a Motion is not." (Pl. Opp. at 3).  Plaintiff contends that despite the Court's conclusion, based on the "cold record of deposition testimony[,]" that Plaintiff did not establish a prima facie case of discrimination, the events and testimony presented at trial may convince the Court otherwise. (Id.).  Additionally, Plaintiff argues that granting Defendants' motion would be improper because Defendants have failed to show good cause and delaying the trial further would be prejudicial to her.

Under the Federal Rules of Civil Procedure, this Court has discretion in determining whether to extend deadlines, such as

the one at issue in this case:

> [w]hen ... by notice given thereunder or by order of
> court an act is required or allowed to be done at or
> within a specified time, the court for cause shown may
> at any tie in its discretion ... upon motion made after
> the expiration of the specified period permit the act
> to be done where the failure to act was the result of
> excusable neglect...

Fed. R. Civ. P. 6(b).  Thus, to file a dispositive motion out of time, Defendants must show "excusable neglect."  In determining whether a party has demonstrated excusable neglect, the Court must consider the following five factors:

> 1) whether the inadvertence reflected professional
> incompetence such as ignorance of rules of procedure;
> 2) whether an asserted inadvertence reflects an easily
> manufactured excuse incapable of verification by the
> court; 3) counsel's failure to provide for a readily
> foreseeable consequence; 4) a complete lack of
> diligence; or 5) whether the inadvertence resulted
> despite counsel's substantial good faith efforts
> towards compliance.

<u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988).
The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993).

In this case, the facts weigh in favor of granting

10

Defendants leave to file their motion for summary judgment out of time.  Counsel for Defendants filed the initial motion for summary judgment within the allotted time; as counsel has certified, the failure to address Counts II and V in that motion was an inadvertent "technical failure" or "oversight."  This type of mistake does not demonstrate "a complete lack of diligence" but rather falls within the ambit of "excusable neglect."

Concerning the issue of prejudice, this Court finds that allowing Defendants to file their motion out of time will not cause Plaintiff any unfair prejudice.  Although Plaintiff argues that new evidence of discrimination may come to light during trial, this possibility is only the result of Defendants' inadvertent mistake.  By excusing the mistake, the Court is not prejudicing Plaintiff, but merely preventing Plaintiff from achieving an unfair gain as a result of Defendants' inadvertent mistake.  Moreover, the possibility that new evidence may alter the Court's conclusion seems unlikely given the dearth of any such evidence in the current record.

Similarly, in terms of timing, the Court finds that consideration of Defendants' late summary judgment motion will not cause any further delay of trial, as the Court has already decided all of the legal issues in the motion.  On the contrary, allowing Plaintiff to proceed to trial on claims that have already been deemed legally deficient would be a waste of judicial time and resources.  This factor militates in favor of

granting Defendants' motion.  <u>See, e.g.</u>, <u>Thomas v. Kroger Co.</u>, 24 F.3d 147, 149 (11th Cir. 1994) (district court "may consider an otherwise untimely motion if, among other reasons, doing so would be the court of action most consistent with the interest of judicial economy") (internal quotations and citation omitted).

Finally, despite Plaintiff's argument, there is no evidence to suggest that Defendants have acted in bad faith.  <u>See Raymond v. Int'l Bus. Machines Corp.</u>, 148 F.3d 63, 66 (2d Cir. 1998).  As counsel has certified, the mistake was merely a "technical failure," not an attempt to delay trial.

Having considered all the relevant factors, this Court finds that Defendants' motion for leave to file a late motion for partial summary judgment as to Counts II and V of the Complaint should be granted.

### 2.  Motion for Summary Judgment as to Counts II and V

Turning to the merits of Defendants' motion for partial summary judgment as to Counts II and V, Defendants argue that the Court "necessarily disposed of the plaintiff's claim of race discrimination under 42 U.S.C. 1981 [Count II] when it ruled that there was no evidence that the defendants intentionally discriminated against the plaintiff because of her race." (Def. Motion at 3).  Likewise, Defendants argue, the Court disposed of Plaintiff's claim under the New Jersey Civil Rights Act (Count V) when it ruled that there was no evidence that any Defendant

intentionally discriminated against Plaintiff because of her race or gender. (Id. at 7).

This Court finds Defendants' arguments persuasive. The legal issues presented in Counts II and V are the same as those in Counts III and IV. Count II is a claim under § 1981 and Count V is in essence a claim under § 1983. (See Def. Motion at 6, Ex. A). To state a claim under either § 1981 or § 1983, Plaintiff must make showings of discrimination as required by the McDonnell Douglas framework. Stewart v. Rutgers, 120 F.3d 426, 432 (3d Cir. 1997) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989) (finding McDonnell Douglas framework applicable to claims under § 1981); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 n. 1 (1993) (applying McDonnell Douglas framework to § 1983)). This is precisely what Plaintiff failed to do in proving the claims set forth in Counts III and IV.

Given the Court's conclusions underlying its dismissal of Plaintiff's discrimination claims in Counts III and IV – namely that there is no evidence of discrimination – Plaintiffs' remaining claims cannot succeed. Accordingly, Defendants are entitled to summary judgment on the remaining Counts II and V.

III. CONCLUSION

For the aforementioned reasons, this Court holds that Defendants' motion for summary judgment as to Count I is denied, Defendants' motion for leave to file a late summary judgment

13

motion as to Counts II and V is granted, and Defendants' motion

for summary judgment as to Counts II and V is granted.  An

appropriate Order will issue this date.


Dated:  March 6, 2008          s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE

14