NOT FOR PUBLICATION                            [Docket No. 68]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JANE E. BENTLEY,

        Plaintiff,

    v.                                  Civil No. 05-2942 (RMB)

ATLANTIC COUNTY, NEW JERSEY,              **OPINION**
et al.,

        Defendants.

Appearances:

    Robyn Michelle Aghen
    Dessen Moses & Rossitto
    1415 Route 70 East
    Suite 614
    Cherry Hill, NJ 08034
        Attorney for Plaintiff Jane E. Bentley.

    Timothy M. Crammer
    David J. Bishop
    Crammer, Bishop, Marczyk & O'Brien, PC
    508 New Jersey Ave
    Suite B3
    Absecon, NJ 08201
        Attorneys for Defendants Atlantic County, James
        McGettigan, and Joseph C. Connelly.

**BUMB,** United States District Judge:

    This matter comes before the Court upon Defendants' motion

for reconsideration of the Court's Order, dated March 6, 2008,

1

denying summary judgment as to Count I of the Complaint.[1]
Because the Court finds that it did not overlook critical facts
nor err in its application of the appropriate legal standards,
Defendants' motion is denied.


I.   **STANDARD OF REVIEW**

A motion for reconsideration is "an extraordinary remedy
that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S.
Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003).  There are three
grounds for granting a motion for reconsideration: (1) an
intervening change in controlling law has occurred; (2) evidence
not previously available has become available; or (3) it is
necessary to correct a clear error of law or prevent manifest
injustice.  See Carmichael v. Everson, No. 03-4787, 2004 U.S.
Dist. LEXIS 11742, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);
Brackett v. Ashcroft, No. Civ. 03-3988, 2003 U.S. Dist. LEXIS
21312, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).  "A motion
for reconsideration is improper when it is used 'to ask the Court
to rethink what it had already thought through – rightly or
wrongly.'"  Oritani S & L v. Fidelity & Deposit, 744 F. Supp.
1311, 1314 (D.N.J. 1990).

Overall, the moving party must show "dispositive factual

---

[1] The Court assumes the parties' familiarity of the facts and
therefore will not recite them again.

2

matters or controlling decisions of law" were brought to the court's attention but not considered. <u>P. Schoenfeld Asset Mgmt.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 2001); <u>Pelham v. United States</u>, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting <u>New York Guardian Mortgagee Corp. v. Cleland</u>, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

## II.   DISCUSSION

In Count I of the Complaint, Plaintiff alleged that her due process rights were violated because she was not provided a prompt post-deprivation hearing concerning her November 5, 2003 suspension, as required by § 4A:2-2.5 of the New Jersey Administrative Code ("§ 2-2.5"). By permission of the Court, on February 3, 2008, Defendants submitted a renewed motion for summary judgment as to Plaintiff's due process claim. Defendants argued that § 2-2.5 did not apply, but even if it did, their non-compliance with that section was irrelevant because Plaintiff always had the general right to appeal the appropriateness of her suspension to the Merit System Board pursuant to § 4A:2-1.1 ("§ 2-1.1"). On March 6, 2008, this Court denied Defendants' motion,

3

finding that under <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 13 (1978), Defendants had an obligation to notify Plaintiff of the available appeal procedure.  (Opinion at 6). Because there was no evidence that Plaintiff was ever informed of the procedural avenue in § 2-1.1 or any other way to challenge the suspension, the Court found summary judgment improper. (<u>Id.</u>).

Defendants now move for reconsideration, arguing that the Court overlooked <u>City of West Covina v. Perkins</u>, 525 U.S. 234 (1999), where the Supreme Court held "that constitutional due process does not require notice to the plaintiff of remedial procedures established by published, generally available state statutes and case law." (Def. Motion at 4).  Defendants argue that, based on <u>West Covina</u>, they were not obligated to give Plaintiff notice of her right to take a direct appeal under § 2-1.1 because this procedural remedy is established by publicly available state law.  (<u>Id.</u> at 6).

Contrary to Defendants' assertions, the Court did not overlook <u>West Covina</u> in rendering its March 6, 2008, Order; rather, the Court found that decision inapplicable to Plaintiff's situation.  In <u>West Covina</u>, when police searched the plaintiff's home and seized certain property, the plaintiff received a notice advising him of what had occurred and informing him that he could call the police for further information.  525 U.S. at 240.  The

4

Supreme Court held that this notice was sufficient for due

process purposes and no further notice of specific state-law

remedies was necessary because such remedies were "established by

published generally available state statutes and case law." <u>Id.</u>

at 241.  The Supreme Court distinguished <u>Memphis Light</u>, as

involving procedures that were not publicly available to the

plaintiffs.  Significantly, the Court explained that in <u>Memphis

Light</u>, a plaintiff-customer "could not reasonably be expected to

educate himself about the procedures available to protect his

interests..." <u>Id.</u>

     Despite Defendants' arguments that the appeal process laid

out in § 2-1.1 is established by publicly available state law,

this Court finds the present case more akin to the situation in

<u>Memphis Light</u>.  Just as the plaintiffs in <u>Memphis Light</u> could not

reasonably be expected to know the appeal procedures available to

them, the Plaintiff in this case could not reasonably be expected

to know <u>which</u> appeal process applied to her suspension if she was

never advised whether or not the suspension was disciplinary in

nature.

     As Defendants have argued, the New Jersey Administrative

Code presents two separate appeal processes:  § 2-2.5 for

disciplinary actions and § 2-1.1 for general appeals.  This Court

finds it unreasonable to expect a suspended employee in

Plaintiff's situation to understand that § 2-1.1 applied instead

of § 2-2.5.  Indeed, the reasonable expectation would be the exact opposite – a suspended employee would reasonably view a suspension as a disciplinary action governed by § 2-2.5.  If, as Defendants argue, the Sheriff decided to characterize the suspension as "not disciplinary" and therefore not governed by § 2-2.5 (an argument this Court finds tenuous), the Sheriff was obligated, at the very least, to inform Plaintiff of that characterization so that she could determine the appropriate appeal process under the Administrative Code.  There is no evidence that Plaintiff was given any information as to whether her suspension was disciplinary or not.  Without this information, Plaintiff could not have known that she should look to § 2-1.1 for the proper appeal procedure as opposed to § 2-2.5.

Accordingly, even though the appeal process in § 2-2.5 was established by publicly available state law, Defendants had an obligation to notify Plaintiff of the applicable Administrative Code provision (particularly where Defendants' interpretation as to which statute governed is not clear from a review of the Administrative Code).  There is no evidence before this Court that Defendants met this obligation.  Because this factual issue remains, summary judgment is inappropriate and Defendants' motion for reconsideration must be denied.

### III.  CONCLUSION

For the aforementioned reasons, this Court holds that

6

Defendants' motion for reconsideration is denied.  An appropriate

Order will issue this date.


Dated:  April 16, 2008      s/Renée Marie Bumb
                            RENÉE MARIE BUMB
                            UNITED STATES DISTRICT JUDGE

7